Samuel H. Hofstadter, J.
Plaintiff moves for an order striking out the answer containing denials and two defenses and for *871 judgment on the complaint and for severance with respect to the counterclaim. The action is to recover royalties under a nonexclusive licensing agreement between the plaintiff patentee and the defendant.
The involved patent has been adjudged invalid. Such invalidity may be urged by the licensee in order thereby to be enabled to attack the licensing agreement as a price-fixing arrangement and thus in violation of the Sherman Act. Plaintiff contends that there is here involved a single licensing agreement which is incapable of generating an unlawful restraint. It becomes necessary, therefore, to examine the agreement. It provides, among other things:
“ Licensor hereby grants to licensee a non-exclusive indivisible right and license, * * * to manufacture and sell # # *
“ Licensor and Licensee respectively covenant and agree not to sell * * * for less than the price rates set forth in Schedule A annexed hereto. * * *
“ If Licensor has granted or shall in the future grant a license under the invention * # * which is in any respect more favorable in terms than this agreement, then Licensor agrees to modify this agreement to give Licensee the benefit of the more favorable terms. * * *
“ Licensor and Licensee respectively agree that neither party shall sell any other model * * * at prices lower than those set in Schedule A, without written consent of the other party.”
The quoted provisions constitute an invalid attempt at price-fixing. In striking down the licensing agreement involved in Sola Elec. Co. v. Jefferson Co. (317 U. S. 173, 174, 175, 176) the court stated: “ The contract provided that the license was granted on condition that the ‘ prices, terms, and conditions of sale, for use or sale ’ throughout the licensed territory should not be more favorable to petitioner’s customers than those prescribed from time to time by respondent for its own sales and those of its other licensees. * * * The present license contract contemplates and requires that petitioner, on sales of the licensed transformers throughout the United States, shall conform to the prices fixed by respondent for the sale of competing patented articles by other licensees and by respondent. Such a restriction on the price of articles entering interstate commerce is a violation of the Sherman Act save only as it is within the protection of a lawfully granted patent monopoly. # * * Agreements fixing the competitive sales price of *872 articles moving interstate, not within the protection of a patent, are unlawful because prohibited by the Sherman Act.”
In American Optical Co. v. New Jersey Optical Co. (50 F. Supp. 806, 807, 808) the court stated: “ The licensor reserved the right to determine and fix prices, sales plans and terms. * * * An illegal price-fixing clause may so permeate the whole contract as to render the entire agreement violative of the Sherman Act.”
And in National Transformer Corp. v. France Mfg. Co. (215 F. 2d 343, 361, 362) the court stated: “ It may be here emphasized that a contract which cannot be performed without violation of a statute is illegal and void. * * * The defense of illegality is allowed, not as a protection to the defendant, but as a disability to the plaintiff. * * * Appellants also submit that inasmuch as the right of price control never came into being, appellee never had the right to challenge the validity of the license patents. The fact is, however, that appellee always had the right, under the contract, to invoke the price-fixing provision whenever its interests required it, and we are of the view that, under Sola Electric Co. v. Jefferson Co., supra, the price-fixing stipulation was unlawful and gave appellee the right to challenge the validity of the patents.”
Accordingly, plaintiff is not entitled to rely upon the agreement for the recovery of claimed unpaid royalties and defendant is entitled to judgment dismissing the complaint. Since the counterclaim is based on the asserted violation of the illegal price-fixing provisions of the agreement, it too must fall, as the defendant concedes. Hence, there is no occasion for severance.
The complaint is dismissed and, on the defendant’s consent, the counterclaim is likewise dismissed and the clerk is directed to enter judgment accordingly.